1 | CHRISTOPHER Q. PHAM, SBN: 206697
E-mail: cpham@criterioncounsel.com
2 | MARCUS F. CHANEY, SBN: 245227
E-mail: mchaney@criterioncounsel.com
3 | HUNG PAUL Q. PHAM, SBN: 276613
E-mail: ppham@criterioncounsel.com
4 | CRITERION COUNSEL, LAW CORPORATION
6355 Topanga Canyon Boulevard, Suite 326
5 | Woodland Hills, California 91367
Telephone: (818) 888-7540
6 | Facsimile:  (818) 888-7544

7 | Attorneys for Plaintiff
   | SNOW JOE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SNOW JOE, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>POWELL WORKS, INC., a California corporation; POWELL WORKS, INC., an Ohio corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-04159<br><br>**PLAINTIFF SNOW JOE, LLC'S COMPLAINT FOR:**<br><br>**(1) FALSE ADVERTISING UNDER THE LANHAM ACT**<br>[*15 U.S.C. § 1125(a)(1)(B)*]<br><br>**(2) UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA LAW**<br>[*Cal. Bus. & Prof. Code § 17200*]<br><br>**(3) FALSE ADVERTISING UNDER CALIFORNIA LAW**<br>[*Cal. Bus. & Prof. Code § 17500*]<br><br>**[DEMAND FOR JURY TRIAL]** |

- 1 -
COMPLAINT

Plaintiff Snow Joe, LLC brings this action against Defendants Powell Works, Inc. (California corp.), Powell Works, Inc. (Ohio corp.), and Does 1-10, inclusive (collectively "Defendants"), and alleges as follows:

## PARTIES

1. Plaintiff Snow Joe, LLC ("Plaintiff") is a New York limited liability company with its principal place of business located in Carlstadt, New Jersey.

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant Powell Works, Inc. ("POWELL WORKS CA") is a California corporation with its principal place of business in the United States located in La Puente, California.

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant Powell Works, Inc. ("POWELL WORKS OH") is an Ohio corporation with its principal place of business in the United States located in Cincinnati, Ohio.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendants POWELL WORKS CA, POWELL WORKS OH, and Does 1-10, inclusive, and each of them, were the agents, partners, joint venturers, servants, and employees of every other defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, partnership, joint venture, service or employment.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendants POWELL WORKS CA, POWELL WORKS OH, and Does 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein identified as Does 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Doe defendants by such fictitious names, and when the true names and capacities of said Doe defendants

are ascertained, Plaintiff will amend or seek leave to amend this pleading accordingly.

## JURISDICTION / VENUE

7. This action for false advertising is brought under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9. This Court has general personal jurisdiction over Defendant POWELL WORKS CA inasmuch as it is a California corporation with its principal place of business in the State of California.

10. This Court has specific personal jurisdiction over Defendant POWELL WORKS OH because it has sufficient minimum contacts with the State of California such that the exercise of jurisdiction over it by this Court does not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, a substantial part of the events or omissions giving rise to these claims occurred within this District, in the City of La Puente, California, and have caused damage to Plaintiff in this district.

## GENERAL ALLEGATIONS

### Plaintiff's SUN JOE-Branded Electric Pressure Washers

12. Founded in 2004, Plaintiff's business was launched with an easy-to-use, electric snow shovel for under $100 dubbed the "Snow Joe."

13. Plaintiff is in the business of designing and developing high-quality, innovative, and affordable outdoor tools to help consumers keep their homes looking beautiful throughout the year, whether the snow is falling, or the sun is

shining.

14. Plaintiff's expansive line of outdoor power equipment includes manual, cordless, and electric tools such as pressure washers, lawn mowers, trimmers, tillers, and snow blowers that are marketed and sold under Plaintiff's SNOW JOE® and SUN JOE® registered trademarks.

15. Plaintiff owns United States trademark registrations for the following marks relevant to the electric pressure washers that it designs, develops and sells to consumers in the United States:

| Mark | Reg. No. Reg. Date | Goods |
|---|---|---|
| SUN JOE | 6260017 02-02-2021 | Multipurpose high pressure washers; power blowers for lawn and garden debris, and leaf blowers; pole chain saws; electric wood chippers; power-operated lawn and garden tillers; power-operated log splitters; power-operated lawn and garden string trimmers; power-operated grass and weed trimmers; air compressors; electric cordless drill driver; electric stringless trimmer; electric chemical sprayer; wet-dry vacuums; steamer, namely, steam cleaning machines. |
| SPX3000 | 5529954 7-31-2018 | High pressure washers. |

16. Plaintiff's SUN JOE-branded pressure washers are top-rated in the industry offering unmatched price and performance and backed by the best warranties in the business.

17. SUN JOE electric pressure washers were rated #1 in market share per Traqline.

18. Plaintiff's SUN JOE SPX3000® electric pressure washer can achieve a Maximum Pressure of 2030 Pounds per Square Inch ("PSI") at initial discharge per

- 4 -
COMPLAINT

Canadian Standards Association ("CSA") internal pressure testing and a Rated Pressure of 1450 PSI:



19. Plaintiff advertises for sale and sells its SUN JOE electric pressure washers online through its website, Amazon.com and eBay.com. In 2019, Plaintiff sold more SUN JOE electric pressure washers to consumers in California - through Amazon.com - than any other state.

**Defendants' POWRYTE Branded Electric Pressure Washers**

20. Plaintiff is informed and believes, and on that basis alleges, that Defendants POWELL WORKS CA and POWELL WORKS OH manufacture, advertise and sell POWRYTE®-branded electric pressure washers to consumers in

1  the United States, including in California, that directly compete with Plaintiff's
2  SUN JOE-branded electric pressure washers, including but not limited to the SUN
3  JOE SPX3000 electric pressure washer.
4     21.  Plaintiff is informed and believes, and on that basis alleges, that
5  Defendant POWELL WORKS OH owns a United States trademark registration for
6  the POWRYTE mark as follows:

| Mark | Reg. No. Reg. Date | Goods |
|---|---|---|
| POWRYTE | 4260787 12-18-2012 | IC 007. US 013 019 021 023 031 034 035. G & S: Air compressors; compressed air pumps; compressors as part of machines, motors and engines; compressed air machine components, namely, cylinders, valves and air grips; air powered tools, namely, nailers, staplers, hammers, chisels, cutting tools, drills, grease guns, grinders, impact wrenches, ratchets, sanders, sand blasters, and inflators; paint spray guns; paint sprayers; **pressure washing machines**; chucks for power drills; pneumatic blow guns for use in a manufacturing process to blow dust off parts, workstations or wherever necessary; parts for pneumatic blow guns, namely, inflator tips, inflator valves, valve adapters, nozzles, nipples, couplers, connectors and pivots; paint supply cartridges sold empty for use with industrial painting machines; parts for compressed-air tools, namely, brakes, filters, hoses, pipes, couplings valves, switches, compressors, clamping tools and injectors; machine parts, namely, couplers and semi-couplers of synthetic material; valves being parts of machines; valves being parts of machines operated pneumatically and by air; valves for pumps; electric motors for machines; chain saws; circular saws; concrete vibrators; electric wood saw machines; electric hammers; electric drills; grinders; power tools, namely, hammer drills; power operated jig saws; concrete mixers; electric planers; power-operated polishers; band saws; machine tools, namely, rotary dies for cutting |

| Mark | Reg. No. Reg. Date | Goods |
|---|---|---|
| | | boxes for packaging industry; power tools, namely, routers; electric sanders; power tools, namely, tile saws; power-operated chain-type trenching machines for digging trenches; power-operated nailing guns; and nailing machines; electric door closing system; electric door openers; electric door openers and closers; electric door opening system; electric door opening and closing system. FIRST USE: 19980101. FIRST USE IN COMMERCE: 19980101 |

22. Plaintiff is informed and believes, and on that basis alleges, that Defendants POWELL WORKS CA and POWELL WORKS OH advertise for sale various models of POWRYTE-branded pressure washers to consumers in the United States, including in California, making literally false statements of fact concerning the PSI that each POWRYTE-branded pressure washer can generate in commercial advertising.

23. On or about January 6, 2023, Plaintiff purchased a POWRYTE-branded pressure washer, with Style number P2B64000, advertised for sale by Defendants POWELL WORKS CA and POWELL WORKS OH on Amazon.com under the seller storefront name "Amplized."

24. The POWRYTE-branded pressure washer purchased was advertised for sale on Amazon.com, as identified by Amazon Standard Identification Number ("ASIN"), as follows:

| ASIN | Advertised Listing Content |
|---|---|
| B0B6GZS4Z5 | PowRyte Electric Pressure Washer, Foam Cannon, 4 Different Pressure Tips, Power Washer, 4000 PSI 2.6 GPM |

25. The POWRYTE-branded pressure washers purchased through Amazon.com by Plaintiff was shipped to Bureau Veritas Consumer Product Services, Inc. ("BV"), a reputable third-party independent laboratory, for PSI testing.

26. On or about April 19, 2023, BV issued a Product Evaluation report for pressure and flow rate testing of the POWRYTE-branded pressure washer purchased by Plaintiff from Defendants POWELL WORKS CA and POWELL WORKS OH through Amazon.com. The following chart summarizes BV's PSI test results for the POWRYTE-branded pressure washer tested:

| Electric Pressure Washer Brand | Model No. | Advertised Pressure (PSI) | Highest Allowable Claim (BV Tested) |
|---|---|---|---|
| PowRyte | #5002640B | 4000 PSI | **1400 PSI** |

27. BV's Product Evaluation report found that the actual maximum PSI for the POWRYTE-branded pressure washer tested was significantly less than the pressure advertised by Defendants POWELL WORKS CA and POWELL WORKS OH on Amazon.com.

28. Plaintiff is informed and believes, and on that basis alleges, that numerous ASINs are attributable to several models of POWRYTE-branded pressure washers falsely advertised by Defendants POWELL WORKS CA and POWELL WORKS OH on Amazon.com.

29. Plaintiff is informed and believes, and on that basis alleges, that the Defendants POWELL WORKS CA and POWELL WORKS OH operate their own online storefront under the name Amplized on Amazon.com - in order to falsely advertise POWRYTE-branded pressure washers to consumers in the United States, including California.

30. Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendants POWELL WORKS CA and POWELL WORKS OH were committed intentionally, in bad faith and with the intent to deceive and mislead the consuming public and the public at large as to true specifications for their POWRYTE-branded pressure washers.

31. In committing these acts, all of which have and will continue to cause irreparable harm to Plaintiff, Plaintiff is informed and believes, and on that basis alleges, that Defendants POWELL WORKS CA and POWELL WORKS OH have, among other things, willfully and in bad faith: (i) deceived and misled the public through literally false advertising in relation to the POWRYTE-branded pressure washers; (ii) committed unfair competition; (iii) engaged in false advertising; and (iv) unfairly profited from such unlawful activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## FIRST CAUSE OF ACTION

**(False Advertising under the Lanham Act against Defendants POWELL WORKS CA, POWELL WORKS OH, and Does 1 through 10, Inclusive)**

[*Lanham Act* § 43(a) / 15 U.S.C. § 1125]

32. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

33. Defendants POWELL WORKS CA and POWELL WORKS OH are direct competitors with Plaintiff in the electric pressure washer market segment.

34. Defendants have made literally false and misleading statements of fact about their electric pressure washers in commercial advertising as to the nature, characteristics, qualities and safety of the product, including the PSI the product can generate.

35. Defendants' commercial advertising for their pressure washers and their false and misleading PSI ratings made in advertising have actually deceived

and have the tendency to deceive a substantial segment of potential consumers about matters that are material to such consumers' purchasing decisions.

36. Defendants knew or should have known that their advertising and promotional activities described herein were false, misleading, and deceptive.

37. Defendants' electric pressure washers are offered in interstate commerce, and Defendants' false and misleading statements were and are made in commercial advertising and promotion in interstate commerce.

38. Plaintiff has suffered, is likely to suffer, and will continue to suffer damages to its business and goodwill, the loss of sales and profits it would have made on sales of its own SUN JOE-branded electric pressure washers but for Defendants' wrongful acts and false advertising of the PSI ratings on their pressure washers, and increased advertising and marketing costs, all in an amount to be proven at trial.

39. Defendants' conduct has injured Plaintiff and the general public, and unless enjoined, will continue to cause irreparable harm to Plaintiff and the general public. The balance of equities and the public interest favor enjoining Defendants' unlawful conduct. Plaintiff is therefore entitled to equitable relief including injunctive relief as set forth in its Prayer for Relief.

## SECOND CAUSE OF ACTION

**(Unfair Business Practices under California law against Defendants POWELL WORKS CA, POWELL WORKS OH, and Does 1 through 10, Inclusive)**

[*California Business & Professions Code* § **17200** *et seq*.]

40. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

41. Plaintiff is informed and believes, and on that basis alleges, that by marketing, advertising, promoting, selling, importing, transporting, warehousing,

distributing, shipping pressure washers that contain false PSI ratings to consumers, Defendants have engaged in unfair competition including unlawful, unfair, and fraudulent business practices in violation of the *California Business and Professions Code* § 17200 *et seq.*

42. Defendants knew or should have known that their advertising activities are false, misleading, and deceptive.

43. Defendants' false and misleading statements concerning the PSI ratings on their pressure washers have deceived and have the tendency to deceive a substantial segment of their intended audience about matters material to purchasing decisions.

44. Defendants' violations have proximately caused harm to Plaintiff. As a result of Defendants' violations, Plaintiff has suffered and will continue to suffer damage to its business and goodwill. Plaintiff has lost and will continue to lose sales and profits and incur increased advertising and marketing costs.

45. Defendants have acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages.

46. Defendants have acted willfully, in bad faith, and with malice. Unless restrained, Defendants will continue to cause further irreparable competitive and commercial injury to Plaintiff.

47. Plaintiff has no adequate remedy at law and is entitled to injunctive relief and restitution pursuant to section 17203 of the *California Business and Professions Code*.

### THIRD CAUSE OF ACTION

**(False Advertising under California law against Defendants POWELL WORKS CA, POWELL WORKS OH, and Does 1 through 10, Inclusive)**

[*California Business & Professions Code* **§ 17500** *et seq.*]

48. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of

action.

49. Defendants are subject to California's False Advertising Law ("FAL"), *Cal. Bus. & Prof. Code* § 17500, *et seq.* California's FAL prohibits "untrue or misleading" statements in "any advertising device…or in any other manner or means whatever, including over the internet" concerning "any circumstance or manner of fact" about a product."

50. Defendants use falsely advertised PSI ratings on their pressure washers in the State of California and this District with the intent to increase sales of their pressure washers to consumers in California and to induce the public into purchasing their products.

51. Defendants conduct violates the FAL. They have made false and misleading descriptions of fact about the PSI ratings on their pressure washers.

52. Defendants knew or should have known that their advertising activities are false, misleading, and deceptive.

53. Defendants' false and misleading statements have deceived and have the tendency to deceive a substantial segment of their intended audience about matters material to purchasing decisions.

54. Defendants' violations have proximately caused harm to Plaintiff. As a result of Defendants' violations, Plaintiff has suffered and will continue to suffer damage to its business and goodwill. Plaintiff has lost and will continue to lose sales and profits and incur increased advertising and marketing costs.

55. Defendants have acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages.

56. Defendants have acted willfully, in bad faith, and with malice. Unless restrained, Defendants will continue to cause further irreparable competitive and commercial injury to Plaintiff.

57. Plaintiff has no adequate remedy at law and is entitled to injunctive relief and restitution pursuant to section 17203 of the *California Business and*

*Professions Code*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Snow Joe, LLC prays for judgment against Defendants Powell Works, Inc. (California corp.), Powell Works, Inc. (Ohio corp.), and Does 1 through 10, inclusive, and each of them, as follows:

A.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false advertising under 15 U.S.C. § 1125(a);

B.  For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code* § 17200;

C.  For restitution in an amount to be proven at trial for false advertising under *California Business and Professions Code* § 17500;

D.  For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including false advertising and any other act in derogation of Plaintiff's rights;

E.  For damages in an amount to be proven at trial for unjust enrichment;

F.  For an award of exemplary or punitive damages in an amount to be determined by the Court;

G.  For Plaintiff's reasonable attorney's fees;

H.  For all costs of suit; and

I.  For such other and further relief as the Court may deem just and equitable.

Dated:  May 30, 2023          CRITERION COUNSEL, LAW CORPORATION

By: /s/ Christopher Q. Pham
Christopher Q. Pham,
Attorney for Plaintiff
SNOW JOE, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff Snow Joe, LLC respectfully demands a trial by jury in this action pursuant to Local Rule 38-1.

Dated: May 30, 2023   CRITERION COUNSEL, LAW CORPORATION

By: /s/ Christopher Q. Pham
Christopher Q. Pham,
Attorney for Plaintiff
SNOW JOE, LLC